**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4682**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES ATKINSON, a/k/a Breezi,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:18-cr-00205-RDB-1)

Submitted: April 16, 2020                     Decided: April 20, 2020

Before GREGORY, Chief Judge, and WYNN and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth E. McPherson, KENNETH E. MCPHERSON, CHTD., Riverdale, Maryland, for Appellant. Burden Hastings Walker, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Atkinson appeals his convictions and 144-month sentence imposed following his guilty plea, pursuant to a Fed. R. Crim. P. 11(c)(1)(c) plea agreement, to interference with commerce by robbery and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 1951(a), 924(c) (2018). On appeal, counsel for Atkinson has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11. Although notified of his right to do so, Atkinson has not filed a pro se supplemental brief. Finding no reversible error, we affirm.[*]

Counsel questions whether the district court complied with Rule 11. Because Atkinson did not move to withdraw his guilty plea, this court reviews the adequacy of the Rule 11 proceeding for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under this standard, Atkinson "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. A defendant who pleads guilty establishes that an error affected his substantial rights by demonstrating a reasonable probability that he would not have pleaded guilty but for the error. *United States v. Davila*, 569 U.S. 597, 608 (2013).

---

[*] Because the Government failed to respond to the *Anders* brief, it has not invoked the waiver-of-appellate-rights provision in the plea agreement, permitting us to conduct our review pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007). Nor has the Government moved to dismiss the appeal as untimely, and we conclude that sua sponte dismissal is not warranted. *See United States v. Oliver*, 878 F.3d 120, 129 (4th Cir. 2017).

2

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.3d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

We have reviewed the transcript of Atkinson's guilty plea hearing and conclude that the district court substantially complied with Rule 11. Although the district court neglected to inform Atkinson of his right to present evidence at trial, Fed. R. Crim. P. 11(b)(1)(E), and of the potential immigration consequences of pleading guilty, Fed. R. Crim. P. 11(b)(1)(O), these minor omissions did not affect his substantial rights. Moreover, the district court ensured that Atkinson entered his plea knowingly and voluntarily and that a factual basis supported the plea. *See DeFusco*, 949 F.2d at 116, 119-20 (explaining Rule 11 requirements).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Atkinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Atkinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

3

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Atkinson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4